UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

CYPRIAN CARTER,

                       Plaintiff,

            -against-

NEW YORK CITY POLICE DEPARTMENT
113 PCT.,

                       Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
10-CV-5619 (CBA)

AMON, United States District Judge.:

Plaintiff Cyprian Carter files this *pro se* action pursuant to 42 U.S.C. § 1983.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons set forth below, plaintiff's complaint is dismissed, and plaintiff is granted thirty (30) days leave to replead his complaint.

## Background

Plaintiff's complaint states:

> During the last 25 years in the [] that the 113 pct covers there is harassment and unnecessary confrontations with young people and for that matter people of all ages also there are arrest[s] that are unnecessary there have been drugs and weapons placed upon persons and including but not limited to prosecution by the courts.

Complaint at 5, ¶ D. Plaintiff seeks monetary damages.

## Standard of Review

In reviewing the complaint, the Court is mindful that "[a] document filed *pro se* is to be

---

[1] By order dated November 22, 10, the United States District Court for the Southern District of New York transferred the instant complaint to this Court.

1

liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, pursuant to the *in forma pauperis* statute, the Court must dismiss a complaint, or any portion of the complaint, if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

Plaintiff cannot pursue a claim against the New York City Police Department-113 Precinct. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396; See, e.g., Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department not a suable entity); see also Maier v. New York City Police Dep't, No. 08-CV-5104, 2009 WL 2915211, at *2 (E.D.N.Y. Sept. 1, 2009) (dismissing all claims against the NYPD and DOC as non-suable entities); Wingate v. City of New York, No. 08-CV-217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity); Campbell v. New York City Police, No. 05-CV-2858, 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005) (the New York City Police Department is not a proper party under § 1983). Accordingly, all claims against the New York City Police Department-113 Precinct must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff did list two unidentified police officers as defendants, but the complaint lacks any factual allegations describing how those officers (or anyone at all) violated his rights. Pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of the claim or claims against each defendant named so that they have adequate notice of the claims against them. Plaintiff must provide facts sufficient to allow a defendant to have a fair understanding of what plaintiff is complaining about and to know whether there is a legal basis for recovery. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Because plaintiff has not done this, his complaint is dismissed.

In light of plaintiff's *pro se* status, he is granted thirty (30) days from the date of this order to replead his complaint. Should plaintiff replead his complaint, he is directed to name as proper defendants those individuals who have some personal involvement in the actions he alleges in the complaint and provide the dates and locations for each relevant event. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights.

## Conclusion

Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. If plaintiff fails to replead his complaint within thirty (30) days from the date of this order, judgment dismissing the complaint shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/Carol B. Amon

CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
December 13, 2010